UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL PETERSON, et al.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 13-cv-03392-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 6

## INTRODUCTION

Pending before the Court is the motion by Defendant Wells Fargo Bank N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") to dismiss Plaintiffs Michael and Toni Peterson's Complaint. Plaintiffs have filed an Opposition (Dkt. No. 11) and Wells Fargo has filed a Reply (Dkt. No. 15). The Court finds this motion suitable for disposition without oral argument. Civ. L.R. 7-1(b). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court **GRANTS IN PART** and **DENIES IN PART** Wells Fargo's Motion for the reasons set forth below.

## BACKGROUND

On December 21, 2007, Plaintiffs borrowed $900,000.00 from World Savings Bank, FSB secured by a deed of trust recorded against 4442 Arlington Ave, Santa Rosa, California (the "Property"). Compl. ¶ 13, Not. of Rem., Ex. A, Dkt. No. 1; Req. for Jud. Not ("RJN") Ex. A, Dkt.

No. 7.[1]  Subsequently, in January 2008, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB, and later changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. in November 2009.  RJN Exs. B-F.

Around July of 2009, Plaintiffs obtained a loan modification from Wells Fargo.  Compl. ¶ 14.  Although the monthly payment for this modification was set to increase every year from 2009 to 2015, Plaintiffs allege that Wells Fargo represented that it would provide them with a new modification in one year to avoid a payment increase.  *Id.* ¶¶ 15-16.  This second loan modification would also have lower payments.  *Id.* ¶ 17.  According to the Complaint, Plaintiffs accepted the first loan modification based upon Wells Fargo's promise that they would receive a second loan modification a year later.  *Id.* ¶ 18.  Wells Fargo, however, did not perform a second modification of Plaintiffs' loan.  *Id.* ¶ 19.

Although Plaintiffs state that Wells Fargo modified their loan, they also allege that Wells Fargo "falsely represent[ed] that it is the beneficial owner of the Subject Loan . . . ."  *Id.* ¶ 25.  Plaintiffs allege that World Savings sold its interest in the loan "shortly after the loan origination in 2007."  *Id.*

Based on these allegations, Plaintiffs assert four state law claims: (1) fraud; (2) promissory estoppel; (3) negligent misrepresentation; and (4) violation of California's Unfair Competition

---

[1] Along with its Motion to Dismiss, Wells Fargo requested that the Court take judicial notice of the following documents: (1) Deed of Trust dated December 21, 2007, signed by Plaintiffs and recorded in the Official Records of the Sonoma County Recorder's Office on December 27, 2007, as Document No. 2007135592 (Ex. A); (2) Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury ("OTS"), certifying that World Savings Bank, FSB, was a federal savings bank (Ex. B); (3) Letter dated November 19, 2007, on the letterhead of the OTS authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB (Ex. C); (4) Charter of Wachovia Mortgage, FSB, dated December 31, 2007, reflecting in Section 4 that it is subject to HOLA and the OTS (Ex. D); (5) Official Certification of the Comptroller of the Currency ("OCC") stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. (Ex. E); (6) Printout from the website of the Federal Deposit Insurance Corporation dated September 2, 2010, showing the history of Wachovia Mortgage, FSB (Ex. F).  Plaintiffs filed no objections to Wells Fargo's request.  Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of Exhibit A attached to Wells Fargo's request because it is a matter of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  With respect to Exhibits B through F, judicial notice is appropriate because those documents reflect the official acts of the executive branch of the United States, pursuant to Rule 201(b)(2).  *Preciado v. Wells Fargo Home Mortg.*, 2013 WL 1899929, at *3 (N.D. Cal. May 7, 2013) (citations omitted).

1  Law ("UCL"), Cal. Bus. & Prof. Code § 17200.  *Id.*  ¶¶ 27-63.  Plaintiffs seek damages, attorney
2  fees, declaratory and injunctive relief, and restoration of their credit score.

## LEGAL STANDARD

4  Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to
5  dismiss based on the failure to state a claim upon which relief may be granted.  A Rule 12(b)(6)
6  motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim
7  to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A
8  facial plausibility standard is not a "probability requirement" but mandates "more than a sheer
9  possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
10 (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the
11 court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the
12 light most favorable to the non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519
13 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal
14 theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v.*
15 *Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations
16 omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a
17 court to dismiss a claim on the basis of a dispositive issue of law").

18  Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only
19 required to make "a short and plain statement of the claim showing that the pleader is entitled to
20 relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of
21 a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.)
22 "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to
23 dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652
24 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply
25 recite the elements of a cause of action, but must contain sufficient allegations of underlying facts
26 to give fair notice and to enable the opposing party to defend itself effectively").  The court must
27 be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."
28 *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . .

United States District Court
Northern District of California

[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

# DISCUSSION

**A.     Preemption under the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.***

In its Motion, Wells Fargo argues that all four of Plaintiffs' state law claims are preempted by HOLA. Mot. at 13-17. In response, Plaintiffs argue that HOLA does not apply to their claims because they "have alleged that a stranger to their loan transaction, a large entity that lends money as one of its many business operations, is falsely representing to have the rights of Plaintiffs' lender. Opp'n at 11. Specifically, Plaintiffs allege that Wells Fargo is misrepresenting itself to be the creditor under the subject loan, and "[m]isrepresenting one's right to foreclose as beneficiary under the loan is identical to misrepresenting one's right to collect as beneficiary under the loan and threatening foreclosure." *Id.*

HOLA created the Office of Thrift Supervision ("OTS") to administer the statute, and "it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." *State Farm Bank v. Reardon*, 539 F.3d 336, 342 (6th Cir. 2008). Under one of those regulations, 12 C.F.R. § 560.2, OTS makes clear that it "occupies the entire field of lending regulation for federal savings associations," leaving no room for conflicting state laws. The regulation goes on to provide a non-exhaustive list of examples of state laws that are expressly preempted. *See* 12 C.F.R. § 560.2(b). If the state law is one of the enumerated types, "the analysis will end there; the law is preempted." *Silvas v. E Trade Mortgage Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). If it is not, then the court is to determine "whether the law affects lending." *Id.* (internal quotation marks omitted).

Here, as a preliminary matter, Plaintiffs provide no support for their allegation that World Savings Bank sold the loan to an unidentified party. To the contrary, Plaintiffs themselves

concede that Wells Fargo provided the first loan modification and allege that it failed to follow through with representations made regarding a second loan modification. Compl. ¶¶ 14-17. Thus, it is clear from the allegations in Plaintiffs' Complaint that Wells Fargo had the authority to modify their loan.[2] Further, based on official acts of the executive branch of the United States of which this Court has taken judicial notice, it is already established that World Savings Bank changed its name to Wachovia Mortgage, FSB, and later changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. in November 2009. RJN Exs. B-F. Accordingly, the Court need only determine whether HOLA, which applies to federal savings associations, also applies to Wells Fargo.

The Ninth Circuit has not addressed the issue of whether HOLA applies to Wells Fargo, given that it is not a federal savings association. Courts have held that a successor-in-interest may properly assert HOLA preemption even if the successor is not a federal savings association. *Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) ("although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank") (citation omitted).

"Other district courts have more recently questioned the logic of allowing a successor party such as Wells Fargo to assert HOLA preemption, especially when the wrongful conduct alleged was done after the federal savings association or bank ceased to exist." *Rijhwani v. Wells Fargo Home Mortgage, Inc.*, 2014 WL 890016, at *7 (N.D. Cal. Mar. 3, 2014) (collecting cases). "Those courts usually have applied HOLA preemption only to conduct occurring before the loan changed hands from the federal savings association or bank to the entity not governed by HOLA." *Id.* (collecting cases). "This is because 'preemption is not some sort of asset that can be bargained, sold, or transferred....'" *Id.* (quoting *Gerber v. Wells Fargo Bank, N.A.*, 2012 WL 413997, at *4

---

[2] In their Opposition, Plaintiffs also argue that Wells Fargo is fraudulently representing itself to be the creditor for the subject loan. Opp'n at 8. However, the judicially noticeable documents submitted by Wells Fargo establish that the original lender (World Savings) changed its name to Wachovia Mortgage, FSB, which was then merged with Wells Fargo. The Court also notes that HOLA preemption provides an independent basis for dismissing these "standing to foreclose" claims. *See, e.g., Lindberg v. Wells Fargo Bank N.A.*, 2013 WL 3457078, at *3 (N.D. Cal. July 9, 2013). Any securitization argument would also fail. *Hosseini v. Wells Fargo Bank, N.A.*, 2013 WL 4279632, at *3 (N.D. Cal. Aug. 9, 2013).

1   (D. Ariz. Feb. 9, 2012).  As one court explained:

> The important consideration is the nature of the alleged claims that are the subject of the suit. The governing laws would be those applicable to [World Savings Bank] at the time the alleged misconduct occurred. Wells Fargo, being the successor corporation to Wachovia Mortgage and thus [World Savings Bank], succeeds to those liabilities, whatever the governing law at that time may be. Therefore, [World Savings Bank's] conduct before its merger with Wells Fargo on November 1, 2009 would be governed by HOLA where appropriate, while Wells Fargo's own conduct after that date would not.

*Rhue v. Wells Fargo Home Mortgage, Inc.*, 2012 WL 8303189, at *3 (C.D. Cal. Nov. 27, 2012); *see also Rijhwani*, 2014 WL 890016, at *7.

The Court finds this reasoning persuasive, and in light of there being no binding Ninth Circuit authority, the Court applies it to this action.  Here, all of the wrongful conduct alleged by Plaintiff was done by Wells Fargo and occurred starting in 2009, after Wachovia merged into Wells Fargo.  This means that Wells Fargo, which is not a federal savings association or bank, may not assert HOLA preemption in this action.

**B.    Fraud**

In their First Cause of Action for Fraud, Plaintiffs allege that Wells Fargo is making a false representation of material fact by claiming to be the beneficiary of the subject loan.  Compl. ¶ 29. Because it is not the beneficiary of the loan, Plaintiffs allege that Wells Fargo falsely represents that it has the right to proceed with a non-judicial foreclosure. *Id.* ¶ 30.  However as discussed above, it is clear from the allegations in Plaintiffs' Complaint that Wells Fargo had the authority to modify their loan, and Plaintiffs' claim is therefore not probable on its face. Accordingly, Wells Fargo's Motion is GRANTED as to this claim WITHOUT LEAVE TO AMEND.

Plaintiffs also allege that Wells Fargo knew the representations regarding the second loan modification were false and were made with the intention to deceive and defraud them. Compl. ¶ 34.  As to their loan modification allegations, the Court finds that Plaintiffs can state a claim for relief.

Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with

6

particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy Rule 9(b)'s heightened pleading standard, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Yess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (Claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.") (internal quotation marks omitted). A Rule 9(b) pleading must ensure that "'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

Here, Plaintiffs' allegations do not have sufficient particularity to meet the requirements of Rule 9(b). Plaintiffs identify only the "what" and "how," the specific representations that were made to them by a Wells Fargo representative regarding a second modification and an explanation of how they were false. Compl. ¶¶ 14-20. However, they have not provided the "who," "where," or "when." *Compare Izsak v. Wells Fargo Bank, N.A.*, 2014 WL 1478711, at *3 (N.D. Cal. Apr. 14, 2014) (finding that the plaintiff pled fraud with sufficient specificity where the plaintiff alleged that a named Wells Fargo representative suggested a loan modification over the phone in June 2011, and provided an explanation of how this representation was false). In this case, Plaintiffs do not identify the name of the specific Wells Fargo representative with whom they spoke, the specific time or date of the misrepresentation, how they spoke with the representative (such as over the phone, in person, or by email), and where they spoke to the representative. Without these, Plaintiffs cannot plead their fraud allegations with the sufficient particularity required under Rule 9(b). *Izsak*, 2014 WL 262126, at *3. Accordingly, the Court DISMISSES Plaintiffs' claim for fraud as to the loan modification WITH LEAVE TO AMEND.

C. **Promissory Estoppel**

In their Second Cause of Action for Promissory Estoppel, Plaintiffs allege that they

7

justifiably relied on Wells Fargo's loan modification statements and were injured by their reliance as they refrained from obtaining other alternatives to remedy the situation. Compl. ¶¶ 40-41. Plaintiffs allege damages in that they spent money improving the subject property, they are now subject to foreclosure proceedings and the loss of their primary residence, and they have incurred and will incur costs and attorneys' fees. *Id.* ¶¶ 45. Wells Fargo argues that Plaintiffs' claim fails because they have not alleged a clear or unambiguous promise related to their loan modification and have failed to show reasonable reliance. Mot. at 5.

Under California law, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Kajima/Ray Wilson v. Los Angeles Cnty. Metro. Transp. Auth.*, 23 Cal.4th 305, 310 (2000); *see also Platt Pacific, Inc. v. Andelson*, 6 Cal.4th 307, 320 (1993) ("Under the doctrine of promissory estoppel, the promise by one party and the resulting detrimental reliance on that promise by another party operate as a substitute for consideration that may make the modification enforceable to the extent necessary to prevent injustice."). "The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed." *Moncada v. West Coast Quartz Corp.*, 221 Cal. App. 4th 768, 780 (2013) (internal quotation marks omitted). The alleged promise must be "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Garcia v. World Savings, FSB*, 183 Cal. App. 4th 1031, 1045 (2010) (internal quotation marks omitted).

Here, Plaintiffs allege that Wells Fargo made a promise to give them a second loan modification in one year to avoid a payment increase and provide a lower payment. Compl. ¶¶ 16-17. This promise is clear and unambiguous in its terms. *Izsak*, 2014 WL 1478711, at *4 (finding plaintiff's allegation that a Wells Fargo representative promised him that Wells Fargo would not foreclose on his property or report him late to credit agencies while his loan modification application was under review sufficient for purposes of pleading promissory estoppel). Plaintiffs further allege that they relied on Wells Fargo's promise by refraining from obtaining other

1 alternatives to remedy their situation. Compl. ¶ 41. This is sufficient to allege reasonable and
2 foreseeable reliance. Moreover, Plaintiffs allege that they were injured by their reliance in the
3 form of spending money on improving the property and the expense of foreclosure proceedings.
4 *Id.* ¶¶ 42, 45. Accordingly, Plaintiffs have adequately pled a cause of action for promissory
5 estoppel and, therefore, the Court DENIES Wells Fargo's Motion to Dismiss this claim.

**D.     Negligent Misrepresentation**

In their Third Cause of Action for Negligent Misrepresentation, Plaintiffs allege that Wells Fargo owed them a duty to act in good faith as parties to the subject loan contract. *Id.* ¶ 49. Plaintiffs further allege that it was foreseeable that they would be harmed, including loss of the subject property, if Wells Fargo did not conduct itself in a legal manner. *Id.* ¶ 50. Plaintiffs maintain that Wells Fargo made representations regarding the second loan modification with the intent to induce reliance and, had Plaintiffs known about the falsity of these misrepresentations, they would not have acted as they did. *Id.* ¶¶ 51-53. As a result of their reliance, Plaintiffs state that they are now subject to foreclosure proceedings and the loss of their primary residence. *Id.* ¶ 55. In its Motion, Wells Fargo argues that this claim must fail because it owes no duty of care to Plaintiffs as borrowers. Mot. at 9. Specifically, Wells Fargo contends that its involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. *Id.*

Under California law, "[t]he elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (citation omitted). "To be actionable, a negligent misrepresentation must ordinarily be as to past or existing material facts. '[P]redictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud.'" *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991).

In their Complaint, Plaintiffs allege that Wells Fargo promised to give Plaintiffs a new modification in one year to avoid a payment increase, and that the new modification would have a

9

1  lower payment. Compl. ¶¶ 16-17. This representation does not involve a past or existing material
2  fact. Rather, it involves a promise to perform at some future time. Therefore, it is not actionable
3  as a negligent misrepresentation claim. *Lothlen v. Wells Fargo Bank, N.A.*, 2014 WL 1266854, at
4  *5 (N.D. Cal. Mar. 27, 2014) (representation that plaintiff could modify the interest rate and other
5  terms of the loan at a later date was not actionable as negligent misrepresentation); *see also*
6  *Tarmann*, 2 Cal. App. 4th at 158-59 (statement from defendant that "it would pay for [plaintiff's]
7  repairs immediately upon their completion" was not actionable because the statement involved a
8  promise to perform at a future time). Accordingly, the Court DISMISSES Plaintiffs' claim for
9  negligent misrepresentation WITHOUT LEAVE TO AMEND.

### E. UCL Claim

In their Fourth Cause of Action for violation of the UCL, Plaintiffs allege that Wells Fargo engaged in fraudulent business practices because the promise to modify their loan was intended and likely to mislead Plaintiffs. Compl. ¶ 59. Plaintiffs further allege that Wells Fargo engaged in unfair business practices because it violated laws designed to prevent foreclosure by requiring mortgage holders and servicers to engage in honest prevention efforts. *Id.* ¶ 61.

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel–Tech Comm'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) (internal quotations and citations omitted). "Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361 (2010).

Here, the Court has not dismissed Plaintiffs' claim for promissory estoppel, and has granted leave to amend their fraud claim. These common law causes of action may serve as the predicate unlawful conduct for Plaintiffs' UCL claim. *See Izsak*, 2014 WL 1478711, at *6 (citing *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012)).

Wells Fargo argues that Plaintiffs lack standing to bring the UCL claim because they have

not alleged that they suffered damages and cannot do so as no foreclosure sale has taken place. Mot. at 12-13. However, at this stage in the proceedings, the Court finds that Plaintiffs have adequately pled damages. Plaintiffs allege they spent money improving the subject property in reliance on Wells Fargo's promise to modify the loan. Compl. ¶ 42. From this, the Court may infer that Plaintiffs incurred damages that would not have occurred but for Wells Fargo's promise to provide a second loan modification. *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 859 (2010) (holding a UCL plaintiff must plead injury-in-fact and causation in order to state a claim). Accordingly, the Court DENIES Wells Fargo's Motion to Dismiss Plaintiffs' cause of action for violation of the UCL.

## CONCLUSION

Based on the analysis above, the Court GRANTS IN PART and DENIES IN PART Wells Fargo's Motion to Dismiss. Wells Fargo's Motion is:

1) DENIED with respect to preemption under the Home Owners Loan Act, 12 U.S.C. § 1461 *et seq.*;

2) GRANTED WITHOUT LEAVE TO AMEND as to Plaintiffs' fraud allegation related to Wells Fargo's right to proceed with a non-judicial foreclosure;

3) GRANTED WITH LEAVE TO AMEND as to Plaintiffs' fraud allegation related to Wells Fargo's loan modification offer;

4) DENIED as to Plaintiffs' promissory estoppel claim;

5) GRANTED WITHOUT LEAVE TO AMEND as to Plaintiffs' negligent misrepresentation claim; and

6) DENIED as to Plaintiffs' claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

If Plaintiffs choose to file an amended complaint, they must do so by June 6, 2014.

**IT IS SO ORDERED.**

Dated: May 13, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

11