<div style="writing-mode: vertical">ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP</div>

1  Robert A. Bailey (# 214688)
    rbailey@afrct.com
2  Daniel A. Armstrong (# 270175)
    darmstrong@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Telephone: (626) 535-1900
   Facsimile: (626) 577-7764

6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A., successor
   by merger with Wells Fargo Bank
8  Southwest, N.A., f/k/a Wachovia Mortgage,
   FSB, f/k/a World Savings Bank, FSB
9  ("Wells Fargo")

10                      UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

12

13  MICHAEL PETERSON and TONI            CASE NO.: 3:13-CV-03392-MEJ
    PETERSON,
14                                        [The Honorable Maria-Elena James]
              Plaintiffs,
15                                        **DEFENDANT WELLS FARGO BANK
        v.                                N.A.'S NOTICE OF MOTION AND
16                                        MOTION TO DISMISS FIRST AMENDED
    WELLS FARGO BANK, N.A., and DOES 1-   COMPLAINT; MEMORANDUM OF
17  100, inclusive,                       POINTS AND AUTHORITIES**

18            Defendants.
                                          Date:   July 31, 2014
19                                        Time:   10:00_a.m.
                                          Ctrm:   B
20

21

22  **TO PLAINTIFFS AND THE HONORABLE COURT:**

23      **PLEASE TAKE NOTICE** that on Thursday, July 31, 2014, at 10:00 a.m., in Courtroom

24  B of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California,

25  defendant Wells Fargo Bank N.A., successor by merger with Wells Fargo Bank Southwest, N.A.,

26  formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB

27  ("Wells Fargo") will move pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for an

28

93000/FR1026/00891580-1                    1              CASE NO.: 3:13-CV-03392-MEJ
                                                          MOTION TO DISMISS FIRST AMENDED
                                                          COMPLAINT

1  order dismissing the first through third claims for relief in the First Amended Complaint
2  ("FAC").
3      Grounds for the motion to dismiss, brought pursuant to F.R.C.P. 12(b)(6), are:
4      **1.**    **First Claim for Relief: Fraud**
5      Plaintiffs fail to state a claim for fraud because: (i) the claim lacks sufficient facts to
6  show that the Plaintiffs are entitled to relief; (ii) Plaintiffs fail to plead fraud with specificity;
7  (iii) Plaintiffs fail to allege resulting damages; and (iv) Plaintiffs do not adequately plead intent
8  to deceive.
9      **2.**    **Second Claim for Relief: Promissory Estoppel**
10     Plaintiffs fail to state a claim for promissory estoppel because: (i) the claim lacks
11 sufficient facts to show that the Plaintiffs are entitled to relief; (ii) the claim is barred by the
12 statute of limitations; (iii) Plaintiffs fail to show reasonable reliance; and (iv) Plaintiffs fail to
13 plead adequate injury.
14     **3.**    **Third Claim for Relief: Violations of Business and Professions**
15     **Code § 17200,** *et seq.*
16     Plaintiffs fail to state a claim for Business & Professions Code § 17200 because: (i) the
17 claim lacks sufficient facts to show that the Plaintiffs are entitled to relief; (ii) the common law
18 claims asserted in support of violation of the UCL are defective; and (iii) Plaintiffs do not plead
19 an injury sufficient to provide them with standing.
20 The motion is based on this notice, the accompanying memorandum of points and authorities, the
21 request for judicial notice, the argument of counsel at the hearing on this motion, and on such
22 other information as the Court may deem appropriate.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 7-3(a) and 7-3(c),
2  the opposition to this motion must be filed and served within 14 days after this motion is filed
3  and served. The reply must be filed and served within 7 days after the opposition is filed and
4  served.

5          Respectfully submitted,

6  Dated: June 20, 2014    ANGLIN, FLEWELLING, RASMUSSEN,
        CAMPBELL & TRYTTEN LLP

8  By: */s/ Daniel Armstrong*
    Daniel A. Armstrong
9      darmstrong@afrct.com
Attorneys for Defendant
10  WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A.,
11  f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

This action arises from a secured loan that World Savings Bank, F.S.B. made to Plaintiffs in December of 2007. Plaintiffs defaulted on the loan and Wells Fargo provided them a modification with reduced payments. Plaintiffs allege that they were promised an additional modification after 12 months of making payment on the original modification, despite the fact that the subsequent modification conflicted with the terms of the original modification. Plaintiffs now seek restitution, disgorgement of sums wrongfully obtained, costs of suit and attorneys' fees as well as compensatory, special, general and statutory damages.

### 2. SUMMARY OF THE PLEADINGS AND JUDICIALLY NOTICEABLE DOCUMENTS

**A.  Plaintiffs Borrowed $900,000.00 From World Savings Bank, FSB, Which Later Merged Into Wells Fargo.**

On December 21, 2007, Plaintiffs borrowed $900,000.00 from World Savings Bank, FSB secured by a deed of trust recorded against 4442 Arlington Ave, Santa Rosa, California (the "Property"). (A true and correct copy of the 2007 Deed of Trust is attached to the Request for Judicial Notice "RJN" as Exhibit A.)

In January 2008, World Savings Bank, FSB changed its name to "Wachovia Mortgage, FSB." It later changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. in November 2009. For the purposes of this motion, World Savings will be referred to as "Wells Fargo."

**B.  Summary Of The Complaint.**

Approximately a year and a half after taking out their $900,000.00 loan, Plaintiffs obtained a loan modification from Wells Fargo in or about July of 2009. Plaintiffs allege that they were informed by a Wells Fargo representative, Mary C. Reeder, that if they entered into a loan modification agreement and made payments for the first 12 months, Wells Fargo "would give Plaintiffs a new loan modification agreement that would decrease the monthly payment amount for the next year." (FAC ¶ 29.) This new loan modification agreement would "negate

1  the yearly increase in payments described in the loan modification agreement Plaintiffs were
2  being asked to sign." (*Id.*) Plaintiffs allege that they relied on this representation in that they
3  "refrained from obtaining other alternatives to remedy this situation, including but not limited to
4  obtaining alternative financing, or proceeding with a short sale." (FAC ¶ 42.) Plaintiffs allege
5  this reliance despite the fact that no foreclosure sale has yet occurred and Plaintiffs remain free to
6  exercise these options at any time. Plaintiffs also allege that they "spent money in improving the
7  Subject Property and in complying with Defendants' repeated requests for financial and other
8  information." (FAC ¶ 43.) Plaintiffs do not explain the necessity of spending this money to
9  "improv[e] the Subject Property" when they could not make the already modified payments.

### 3. THE CLAIM FOR FRAUD FAILS FOR LACK OF SPECIFICITY AND FOR LACK OF DAMAGES.

12  In support of the fraud claim, Plaintiffs allege that they accepted a loan modification offer
13  on the false promise that once they made twelve monthly payments, they would receive a second
14  loan modification with lower payments than those detailed in the first modification. (FAC ¶ 29.)
15  In California, the elements of promissory fraud are: "(1) a promise made regarding a
16  material fact without any intention of performing it; (2) the existence of the intent not to perform
17  at the time the promise was made; (3) intent to deceive or induce the promisee to enter into a
18  transaction; (4) reasonable reliance by the promisee; (5) nonperformance by the party making the
19  promise; and (6) resulting damage to the promise[e]." *Valencia v. Sharp Elecs. Corp.*, 2014 U.S.
20  App. LEXIS 4212 (9th Cir. Cal. Mar. 6, 2014).

21  **A.   The False Statement Is Inadequately Pled.**

22  For allegations of fraud by false promise, Plaintiffs must set forth "what is false or
23  misleading about a statement, and why it is false." *Id.*; *see also Hills Transp. Co. v. Sw. Forest*
24  *Indus., Inc.*, 266 Cal. App. 2d 702, 707 (Cal. Ct. App. 1968) (California law disfavors fraud
25  actions because they "involve a serious attack on character" and therefore they must be pled with
26  particularity to put the defendant on notice "of what he is called on to answer."). In addition,
27  "the policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a
28  pleading defective in any material respect." *Id.* at 707.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Plaintiffs allege merely that they were informed by Ms. Reeder that if they made the first twelve payments on the original loan modification, Wells Fargo would "give" them a new loan modification agreement with lower payments. Given California's heighted pleading standards for fraud, this vague allegation is insufficient. Plaintiffs do not explain whether this "promise" was merely an offer for another loan modification *review* in a year, or whether there were *any* conditions imposed on the second loan modification. Given the fact that the promise was directly at odds with the terms of the written modification agreement they were being asked to sign, in order for Plaintiffs to have justifiably relied on the allege promise, the specific contents of that promise must have been clear. Yet Plaintiffs neglect to plead the terms of the promise verbatim, or plead enough facts about the specific content of the promise to warrant the liberal construction that it was a false promise. *See*, *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986) (The facts supporting each element of fraud "must be alleged in full, factually and specifically, and the policy of liberal construction of pleading will not usually be invoked to sustain a pleading that is defective in any material respect.")

**B.     Plaintiffs Have Failed To Allege Resulting Damages.**

Even assuming that this vague allegation of a promise is sufficient to satisfy the heightened pleading standards for fraud, Plaintiffs have nonetheless failed to plead "resulting damage to the promisee." *Valencia* (supra) at *3.

Plaintiffs first allege that they were harmed in that they refrained from obtaining alternative financing or proceeding with a short sale. (FAC ¶ 42.) But Plaintiffs have not alleged that Wells Fargo has sold the home at a foreclosure sale. Plaintiffs are therefore free to seek alternative financing or a short sale at any time. But having defaulted on their loan, alternative financing is unlikely. Plaintiffs do not allege any facts that would support their ability to obtain alternative financing with terms that are superior to those offered under their current modification agreement. Plaintiffs fail, even, to plead the terms of their current modification agreement, or any efforts they have made to obtain alternative financing. *Nong v. Wells Fargo Bank, N.A., et al.*, 2010 U.S. Dist. Lexis 136464, at *8-*10 (C.D. Cal. 2011) ("Where a plaintiff does not 'allege facts that could establish that [she] would have been successful in delaying the

1  foreclosure sale, renegotiating her loan, and retaining possession of her home,' dismissal is
2  proper because the Complaint 'lacks a connection between her reliance on the alleged promise
3  and losing her home to sustain her claim for estoppel.'") (Quoting *Newgent v. Wells Fargo Bank,*
4  *N.A.*, 2010 U.S. Dist. LEXIS 18476 (S.D. Cal. Mar. 2, 2010).

5   Plaintiffs also allege they spent money "improving the Subject Property." (FAC ¶ 43.)
6  But they do not explain what types of "improvements" they made to the property. Plaintiffs
7  were obligated under Paragraph 6 of the Deed of Trust to "keep the Property in good repair" and
8  they promised, "I will not destroy or substantially change the Property and I will not allow the
9  Property to deteriorate. I will keep and maintain the Property in compliance with any state or
10 federal health and safety laws…." (RJN, Ex. A ¶ 6.) Having failed to plead any details about the
11 "improvements" they made to the property, under the heighted pleading requirements for fraud,
12 Plaintiffs are not entitled to the presumption that those improvements fell outside of their
13 obligations under Paragraph 6 of the Deed of Trust and may therefore constitute damages to
14 support a fraud claim. (*Id*.). And even if they had paid for improvements above and beyond the
15 requirements imposed by the Deed of Trust, Plaintiffs were restricted from "substantially
16 chang[ing]" the property. Moreover, it would be inequitable to allow them to pursue a claim for
17 fraud based upon those expenses when they received a loan modification upon the representation
18 that they could not make the payments under their original loan terms, and further alleged to
19 have been unable to make the payments under the modified terms of their loan. If Plaintiffs
20 could not make their loan payments, it was not reasonable for them to pay for "improvements" to
21 the property above and beyond those repairs necessary to keep the property "in good repair."

22  Plaintiffs allege that they incurred costs associated with submitting financial
23 documentation for the loan modification, but these are natural consequences of their default and
24 the modification process. More importantly, those costs were incurred prior to any alleged
25 misrepresentation. Plaintiffs allege that Ms. Reeder made the misrepresentation regarding the
26 second loan modification three days *after* Wells Fargo sent them a loan modification offer in the
27 mail. (FAC ¶¶ 27-29.) But before a loan modification can be offered, borrowers must document
28 their finances as part of the loan modification application process. Plaintiffs therefore incurred

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  the costs of applying for the loan modification before the modification was offered, and far
2  before the alleged misrepresentation.  Ms. Reeder's alleged false promise regarding the second
3  loan modification application, having been made well after Plaintiffs incurred the costs to apply
4  for the loan modification, could not have caused Plaintiffs to incur those costs.  Plaintiffs
5  incurred the costs in the hope of receiving a loan modification offer, knowing that it was possible
6  no loan modification offer would be made at all.
7        Finally, attorneys' fees alone are not sufficient to meet the damages element of a fraud
8  claim.  Rather, Plaintiffs must show some actual economic damage.  *See* e.g. *Bank of Oakland v.*
9  *Zurich-American Ins. Group*, 1993 U.S. App. LEXIS 11699 (9th Cir. Cal. May 14, 1993)
10 (Plaintiff bank cannot assert punitive damages and attorney's fees because "under California law,
11 these kinds of damages could only be awarded if the [plaintiff] suffered some actual economic
12 damage."); *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 364 (Cal. App. 4th Dist. 2007)
13 (Where only damages alleged by plaintiff was potential attorneys' fees and the California Court
14 of Appeal noted that, "[g]enerally speaking, to be actionable, harm must constitute something
15 more than 'nominal damages, speculative harm, or the threat of future harm—not yet realized.")
16 If attorneys' fees alone was sufficient to support a claim for fraud, the final element of a fraud
17 claim - that there be resulting damages - would be meaningless, as virtually every claim for fraud
18 could assert attorneys' fees as the basis for damages.  If attorneys' fees were the only harm,
19 Plaintiffs could have avoided the harm by simply not filing suit.

20 **C.**    **<u>Plaintiffs' Form Allegations Of Intent Are Too Conclusory To Meet The Pleading</u>**
21       **<u>Requirements For Fraud.</u>**

22       In the words of the Court of Appeal for the Ninth Circuit, addressing the pleading
23 requirements for the intent element of fraud in California, "'the allegations necessary to show
24 contemporaneous intention not to perform should be clear, specific and unequivocal,' thereby
25 differentiating the false promise from a mere broken promise." *Valencia,* 2014 U.S. App. LEXIS
26 4212 at *3 (Citing *Hills Transp. Co.*, 266 Cal.App.2d at 708).  "[M]erely pointing to statements
27 and alleging their falsity does not satisfy Rule 9(b)."  (*Id.*)
28       Plaintiffs allege merely, "when these respective representations were made, the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 Defendant WFB and its employees knew them to be false and made these representations with
2 the intention to deceive and defraud…." (FAC ¶ 33.)  This conclusory allegation is insufficient
3 under the heightened pleading requirements for fraud. Plaintiffs do not provide sufficient facts
4 about the representations to infer that Ms. Reeder intended to deceive and defraud them.  *Hsu v.*
5 *Oz Optics Ltd.*, 211 F.R.D. 615, 620 (N.D. Cal. 2002) (Finding plaintiff's conclusory allegations
6 regarding intent insufficient and holding "a plaintiff must point to *facts* which show that the
7 defendant harbored an intention not to be bound by the terms of the contract at formation.")
8 (emphasis original).

Nor is the allegation that Wells Fargo did not provide the second loan modification sufficient to constitute circumstantial evidence of intent not to perform the alleged promise. "[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise." *Tenzer v. Superscope*, 39 Cal. 3d 18, 29 (Cal. 1985). As Plaintiffs have failed to allege any facts supporting the element of intent to deceive other than nonperformance, their fraud claim is insufficiently pled.

### 4.   THE SECOND CLAIM FOR PROMISSORY ESTOPPEL IS TIME-BARRED AND THE ALLEGATIONS OF RELIANCE AND INJURY ARE INSUFFICIENT

#### A.   As An Action On The Alleged Oral Agreement, Plaintiffs' Promissory Estoppel Claim Is Barred By CCP § 339(1).

In support of their claim for promissory estoppel, Plaintiffs allege that Ms. Reeder orally promised that if they made the first twelve payments on the original loan modification, Wells Fargo would give them a new loan modification with lower payments.  (FAC ¶ 40.)

Plaintiffs' promissory estoppel claim is essentially a claim for breach of an oral agreement.  "[P]romissory estoppel is an equitable doctrine to allow enforcement of a promise that would otherwise be unenforceable…" *US Ecology, Inc. v. California* (2005) 129 Cal. App. 4th 887, 906. "Cases have characterized promissory estoppel claims as being basically the same as contract actions, but only missing the consideration element…." *Id.*  The California Court of Appeal in *US Ecology*, further noted:

> The Restatement also considers a promissory estoppel claim as equivalent to one for breach of contract: "A promise binding under this section is a contract, and full-scale

> enforcement by normal remedies is often appropriate." (Rest., § 90, com. (d), italics added; *see also*, *Rhode Island Hosp. Trust National Bank v. Varadian*, (1995) 419 Mass. 841, 850 [647 N.E.2d 1174, 1179] ["an action based on reliance [e.g., promissory estoppel] is equivalent to a contract action, and the party bringing such an action must prove all the necessary elements of a contract other than consideration"].)

*Id.* at 907; *See also*, *Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority*, 23 Cal. 4th 305 (Cal. 2000) ("Promissory estoppel is 'a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced.'").

"Promissory estoppel claims are aimed solely at allowing recovery in equity where a contractual claim fails for a lack of consideration, and in all other respects the claim is akin to one for breach of contract." *US Ecology, Inc.*, 129 Cal. App. 4th 907.  Accordingly, Plaintiffs' promissory estoppel claim is barred the two-year statute of limitation imposed by CCP § 339(1) for "an action upon a contract, obligation or liability not founded upon an instrument of writing." *See, Jamison v. Roth,* 2009 Cal. App. Unpub. LEXIS 3026, 27-29 (Cal. App. 2d Dist. Apr. 20, 2009) (Applying a two-year statute of limitations to the claim for promissory estoppel and noting, "the law is clear that the 'statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded.'")

Plaintiffs' allege that they were informed in July of 2010 that Wells Fargo would not provide them a second loan modification.  (FAC ¶¶ 17 & 18.)  Yet they did not file this action until June of 2013.  (RJN, Ex. B.)  Their claim for promissory estoppel, therefore, is barred by the two-year statute of limitations in CCP § 339(1).

**B.   The Promissory Estoppel Claim Fails For Lack Of Foreseeable Reliance And Lack Of An Injury.**

A contract claim based on promissory estoppel  for either equitable relief (or damages) requires: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890-891 (1976).

1   Plaintiffs must therefore plead both reliance that is "reasonable and foreseeable" and an
2   injury resulting from that reliance.  The allegations in the First Amended Complaint fail to meet
3   either one or both of these requirements.

4   First, Plaintiffs allege that they relied upon Ms. Reeder's representations by refraining
5   from obtaining other alternatives to remedy the default.  (FAC ¶ 42.)  Although it is arguable that
6   it was reasonably foreseeable that Plaintiffs' would have relied in this way, Plaintiffs have plead
7   no injury from this reliance because the foreclosure sale has not yet occurred and they may still
8   pursue other alternatives to remedy the default.

9   Second, Plaintiffs allege that they money spent improving the subject property (FAC
10  ¶ 43); however, as also noted in Section 3B above, Plaintiffs were obligated by section 6 of the
11  deed of trust to maintain the property and were restricted from "substantially changing" the
12  property.  Hence any injury resulting to Plaintiffs by their actions in contravention of the terms
13  of the deed of trust were not reasonably foreseeable by Wells Fargo.

14  Third, Plaintiffs allege that they spent money complying with Defendant's requests for
15  financial information.  (FAC ¶ 43.)  But as also noted in  Section 3B above, this compliance
16  necessarily occurred prior to the alleged misrepresentations and could not have caused the
17  reliance or injury.

18  As each of Plaintiffs' allegations supporting the injury and reliance elements of
19  promissory estoppel is deficient, their claim for promissory estoppel does not state a claim for
20  relief.

21  **5.    THE THIRD CLAIM FOR VIOLATION OF BUS. & PROF. CODE § 17200**
22  **FAILS ALONG WITH THE OTHER CLAIMS**

23  California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*
24  ("UCL"), precludes any unlawful, unfair, or fraudulent business act or practice.  The UCL
25  "borrows" violations of other laws and authorizes a separate action pursuant to the UCL.  *See*,
26  *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992); *Nguyen v. Wells Fargo Bank, N.A.*,
27  749 F. Supp. 2d 1022 (N.D. Cal 2010) ("This cause of action is derivative of some other illegal
28  conduct or fraud committed by a defendant, and a plaintiff must state with reasonable

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

particularity the facts supporting the statutory elements of the violation"). Thus, a § 17200 claim "cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law." *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) ("A court may not allow a plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'")

Plaintiffs rely on defective common law claims in the First Amended Complaint to support the UCL claim. (FAC ¶ 49: "Defendant's acts, as alleged herein, constitute fraudulent, unlawful and/or unfair business practices….") As noted herein, all of Plaintiffs' claims are deficient. Since the UCL claim relies on defective common law claims, the claims are not saved by recasting them as claims for unfair competition.

In addition, Plaintiffs cannot show that they satisfy the causation requirement of the UCL. To bring a claim under the UCL, a plaintiff "must have suffered an injury in fact and lost money or property as a result of … alleged unfair or fraudulent practices." Cal. Bus. & Prof. Code § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788 (2010). Plaintiffs have not made this necessary showing; as noted above, they have plead no injury.

## 6.  CONCLUSION

For the foregoing reasons, defendant Wells Fargo requests an order granting its motion to dismiss the first through third claims in the First Amended Complaint.

Respectfully submitted,

Dated:  June 20, 2014

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:   /s/ Daniel A. Armstrong
   Daniel A. Armstrong
   darmstrong@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System:*

*Counsel for Plaintiffs:*

David L. Smart
Nicole Cherones
SMART LAW OFFICES
8880 Cal Center Drive, Suite 400
Sacramento, California 95826

Tel:  916.361.6020 | Fax:  916.361.6021

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on June 20, 2014.

| Leslie Coumans | */s/ Leslie Coumans* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |